Okey, J.
In the argument of this cause, counsel have discussed important questions as to the construction of the statutory provisions relating to the public schools in Cincinnati, and questions as to the construction and constitutionality of the act of 1883 (80 Ohio L. 121), relating to boards of tax commissioners in certain cities. But we have not found it necessary to express' an opinion upon any of these questions. "We will assume for the purposes of this case, without so deciding, that when the estimate of $686,375 was presented, the auditor should have placed it on the tax list; and we have no doubt that, in a proper case, Louis Kramer, a citizen and tax payer of the Cincinnati school district, would be a proper relator to enforce by mandamus the performance, by the auditor, of such official duty. The State v. Henderson, 38 Ohio St 644.
In the record it is stated that the board of education, between the third Monday in April and the first Monday in June, 1883, estimated the amount of money necessary to be levied for the school purposes mentioned in the petition, at $686,375, and that the board certified this estimate to Cappeller, county auditor. The allegation, “ that it thereupon became ánd was the duty of the said defendant, as auditor aforesaid, to assess the entire amount so estimated and certified, as aforesaid, upon all the taxable property of the school distr’ct,” *459 lias reference, of course, to the estimate so made and certified to the auditor ; and it is certainly consistent with the record to say that this act of the board may have been done before the first day of June, and that the auditor, at the time the estimate was so presented, refused to place the same on the tax list. The third Monday of April was the sixteenth day of the month, and the first Monday of June was the third day of the month. If we exclude the second day of June, which -was Sunday, these acts may all have been done, consistently with the record, on any one of the forty secular days intervening between April 16th and June 2d.
Assuming, as under the circumstances I think we may, that these acts were all done before the first day of June, or if done on June 1st, that they were completed before any other step was taken by the board of education, let us notice what followed. On the first day of June, the board of education ordered the estimate so made to be presented to the board of tax commissioners. When it was in fact presented does not appear, but the board of tax commissioners took the estimate into consideration, and reduced such estimate to $477,000, and thereupon the auditor placed the estimate, in its reduced form, on the tax list. Five months have elapsed since that time, and it does not appear that the board of education has, in any way, objected to the action of the board of tax commissioners in reducing the estimate, or the action of the auditor in placing such reduced estimate on the tax list and completing such list for and delivery of the same to the treasurer. If the board of education became satisfied that a mistake had been made, and that the sutn of $477,000 was sufficient, and thereupon acquiesced in, and consented to the action of the board of tax commissioners and auditor, so that the action of the board of tax commissioners became virtually the action of the board of education, surely the writ should not be awarded, even if the law did not clothe the board of tax commissioners with the powers it exercised. In view of the time which has elapsed, the silence of the board of education during the time, the large interests involved, and the inconvenience and expense which would result from the enforcement of an order in accordance *460 with the prayer of the petition, we have no hesitancy in saying that the burden was on the relator, and not on the auditor, to show that there had been no such acquiescence, even assuming that the view of the relator as to the proper construction and validity of the statutes is correct. Indeed, this is only in accordance with the well settled rule. “ In a proceeding by mandamus to compel an officer to do an act which it is. claimed the law enjoins on him as a duty, the existence of all the facts necessary to put him in default must be shown” (Cincinnati College v. La Rue, 22 Ohio St. 469); and “ a mandamus will not be awarded in the absence of a clear right, in the party seeking the writ, to the object sought to bo obtained by it ” (The State v. Yeatman, 22 Ohio St. 546).

Peremptory writ refused.